IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Vondell Wilbourn, individually and for others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) ) ) ) |
| -vs- | ) ) ) |
| Sheriff of Cook County and Cook County, Illinois, | ) ) ) ) |
| *Defendants*. | ) |

No. 23-cv-____

*(jury demand)*

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Vondell Wilbourn is a resident of the Northern District of Illinois.

3. Plaintiff brings this case individually and for others similarly situated, as described in greater detail below.

4. Defendant Sheriff of Cook County is sued in his official capacity for the denial of Fourth Amendment rights caused by an explicit policy and/or widespread practice.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. In 2019, plaintiff was charged with felony offenses in the Circuit Court of Cook County.

7. Bond was set at plaintiff's initial appearance at $10,000 cash deposit, subject to electronic monitoring.

8. Plaintiff posted bond on September 27, 2019 and was released from the Cook County Jail, subject to various conditions of electronic monitoring.

9. After leaving the Jail, plaintiff returned to live with his wife and their young children. Mrs. Wilbourn supports the family from her earnings; plaintiff, who is disabled and unable to work, is responsible, *inter alia*, for getting the minor children to and from school.

10. From time to time, the judge presiding over the criminal case granted plaintiff permission to leave his home to take his young children to and from school.

11. In March of 2023, an employee or employees of defendant Sheriff of Cook County concluded that plaintiff had committed several deviations from the conditions of electronic monitoring. The purported deviations, alone or together, did not constitute a criminal offense.

12. Based on the determination of the employee or employees of defendant Sheriff referred to in the previous paragraph, an employee or

employees of the Sheriff, without seeking judicial approval to deprive plaintiff of the conditional liberty inherent in release on electronic monitoring and without probable cause to believe that plaintiff had committed an offense, traveled to plaintiff's home on March 3, 2023, placed him in handcuffs in front of his young children, and took him from the family home to the Cook County Jail where he was held as a pre-trial detainee.

13. The above-referred employee or employees of defendant Sheriff acted pursuant to an express policy and/or in accordance with a widespread practice of defendant Sheriff of Cook County.

14. This policy or widespread practice deprived plaintiff and others similarly situated of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

15. Plaintiff remained in the Cook County Jail from March 3, 2023 until the early morning hours of March 22, 2023.

16. At all times within the two years immediately preceding the filing of this action, more than 1,500 persons charged with felony offenses in Cook County, Illinois have been on bail subject to electronic monitoring.

17. Plaintiff believes that discovery will reveal that, within the two years immediately preceding the filing of this lawsuit, employees of defendant Sheriff have applied the express policies and/or widespread practice

described above to deprive more than 40 individuals of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

18. Plaintiff brings this action individually and for those similarly situated who, within the two years preceding the filing of this action, have been arrested solely for asserted deviations from the conditions of electronic monitoring, without a warrant or other court order, and without probable cause to believe that the arrestee has committed an offense.

19. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that the Court enter judgment in favor of plaintiff and those similarly situated for appropriate compensatory damages and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiffs*