**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VONDELL WILBOURN, individually and for others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) |
| | ) Case No. 23-cv-1782 |
| -*vs*- | ) ) |
| | ) Honorable Manish S. Shah |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, | ) Magistrate Judge Young B. Kim ) ) |
| | ) |
| *Defendants.* | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., move to dismiss Plaintiff's complaint with prejudice pursuant to Rule 12. Grounds for this motion are as follows:

### INTRODUCTION

Plaintiff alleges that employees of the Sheriff's Office unlawfully detained him when they brought him back to the Cook County Jail for violating the conditions of electronic monitoring. Plaintiff alleges that the Sheriff's Office is liable because the employees did not have a warrant or probable cause that he had committed an offense. But a warrant and probable cause are not absolute requirements. The standard under the Fourth Amendment is reasonableness. Various exceptions to the warrant requirement exist, such as probable cause, but Plaintiff fails to account for multiple other exceptions. Pertinent to this case is the exception based on the custodial relationship of the surety to the person bailed, as existed at common law. Plaintiff's complaint does not account for this exception, and therefore, it lacks facial plausibility. Plaintiff's complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In addition, Plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff's alleged injury cannot be redressed by the requested relief. Since the filing of his complaint, Plaintiff was sentenced in his state court criminal case and received credit for the time he spent in custody, including the time he alleges he was unlawfully detained. Under Seventh Circuit precedent, a plaintiff cannot receive damages under such circumstances. Therefore, Plaintiff lacks standing, depriving this Court of jurisdiction over the case.

Finally, Plaintiff's threadbare recitals and conclusory allegations fail to state a *Monell* claim against the Sheriff's Office, and Cook County is joined in this case solely for indemnification purposes. For all these reasons, this Court should dismiss Plaintiff's complaint against Defendants.

## STATEMENT OF FACTS

### I. Allegations in Plaintiff's Complaint

The following allegations are taken from Plaintiff's complaint. (Pl.'s Compl., ECF No. 1.) In 2019, Plaintiff was charged with felony offenses, and at his initial appearance, bond was set at $10,000 cash deposit with electronic monitoring as a condition of bond. (*Id.* ¶¶ 6–7.) On September 27, 2019, Plaintiff was released from the Cook County Jail, subject to the conditions of bond, including electronic monitoring. (*Id.* ¶ 8.)

In March 2023, a Sheriff employee or employees concluded that Plaintiff had committed several deviations from the conditions of electronic monitoring. (*Id.* ¶ 11.) As a result of Plaintiff's violations of the conditions of his electronic monitoring, a Sheriff employee or employees transported Plaintiff from his home back to the Cook County Jail. (*Id.* ¶ 12.) Plaintiff remained at Cook County Jail from March 3, 2023, to March 22, 2023. (*Id.* ¶ 15.)

Plaintiff alleges that the employee or employees acted pursuant to an express policy or widespread practice of the Sheriff's Office. (*Id.* ¶ 13.) Plaintiff does not allege any facts to support

his allegations of an express policy or widespread practice. (*Id.* ¶¶ 13–14.) Plaintiff speculates that more than forty individuals have been the subject of the alleged express policy or widespread practice. (*Id.* ¶ 17.)

Plaintiff brings his action individually and for those similarly situated who "have been arrested solely for asserted deviations from the conditions of electronic monitoring, without a warrant or other court order, and without probable cause to believe that the arrestee has committed an offense." (*Id.* ¶ 18.)

## II. Plaintiff's Criminal Case

The following facts are taken from Plaintiff's criminal case, 19CR1174501, that was pending before the Circuit Court of Cook County.[1] On March 7, 2023, the State's Attorney's Office filed a Petition for a Hearing on Violation of Bail Bond Conditions and Application to Increase Amount of Bail Pursuant to 725 ILCS 5/110-S(a)&(e). (Ex. A, Petition for VOBB.) The State's Attorney's Office filed the petition because Plaintiff "violated EM on 1/31/23, 2/8/23, 2/15/23 and 2/23/23." (*Id.*) On March 7, 2023, the state court sustained the violation of bail bond, and ordered Plaintiff to be held on no bail. (Ex. B, Order on VOBB.)

Plaintiff was arrested on August 7, 2019, and sentenced on May 9, 2023. (Ex. C, Information Indictment; Ex. D, Order of Commitment and Sentence.) The total number of days from August 7, 2019, to May 9, 2023, is 1,371 days, and Plaintiff received credit for all 1,371 days for "time actually served in custody." (Ex. D, Order of Commitment and Sentence.)

---

[1] "A court can take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Jordan v. Klamenrus*, No. 15 C 157, 2020 U.S. Dist. LEXIS 140233, at *8 n.2 (N.D. Ill. Aug. 6, 2020). This Court may take judicial notice of Plaintiff's criminal case. *See Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (confirming that court documents from state proceeding are noticeable).

**III.     Offense of Escape (730 ILCS 5/5-8A-4.1).**

Under the state statutes in force on March 3, 2023, the date when Plaintiff alleges he was taken back into custody, a person charged with a felony who violates the conditions of electronic monitoring is guilty of a Class 3 felony. *See* 730 ILCS 5/5-8A-4.1(a) (version of statute in force prior to the amendments established by the Pretrial Fairness Act, which the Illinois Supreme Court stayed on December 31, 2022, as discussed in Section II.B. below).

An individual may be "charged with escape pursuant to section 5-8A-4.1(a) of the Electronic Monitoring Law (*id.* § 5-8A-4.1(a)), which provides, in pertinent part:

> § 5-8A-4.1. Escape; failure to comply with a condition of the electronic monitoring or home detention program.
>
> (a) A person charged with or convicted of a felony . . . conditionally released from the supervising authority through an electronic monitoring or home detention program, who knowingly violates a condition of the electronic monitoring or home detention program . . . is guilty of a Class 3 felony.

*People v. Duffie*, 2022 IL App (2d) 210281, ¶ 12.

Plaintiff alleges that he was "charged with felony offenses in the Circuit Court of Cook County." (Pl.'s Compl. ¶ 6.) The state court sustained the petition for violation of bail bond based on Plaintiff's failure to comply with the conditions of electronic monitoring. (Ex. A, Petition for VOBB; Ex. B, Order on VOBB.) Thus, Plaintiff was a "person charged with or convicted of a felony" who violated a "condition of the electronic monitoring" program. *See* 730 ILCS 5/5-8A-4.15(a).

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Under Article III of the Constitution, the jurisdiction of the courts is limited to claims presenting a case or controversy between the plaintiff and the

4

defendant." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012). "In order to establish a case or controversy, the party invoking federal jurisdiction must demonstrate 'a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

"As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing the elements of standing." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A plaintiff's complaint must contain more than "highly generalized factual allegations"; it must contain "enough specific factual allegations to state a plausible claim." *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013).

**ARGUMENT**

**I.      Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(1) Because the Court Does Not Have Jurisdiction Over the Case.**

Plaintiff seeks compensatory damages for an alleged unlawful detention at the Cook County Jail from March 3, 2023, to March 22, 2023. (Pl.'s Compl. ¶ 15.) Plaintiff's alleged injury, however, cannot be redressed with damages because Plaintiff already received credit to his sentence for the time spent in custody, including the time at Cook County Jail from March 3, 2023, to March 22, 2023. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) ("[A] section 1983

5

plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence."). Therefore, this Court lacks jurisdiction because Plaintiff's alleged injury cannot be redressed by the requested relief. *See G&S Holdings*, 697 F.3d at 540 (stating that the party invoking federal jurisdiction must demonstrate an injury that is "likely to be redressed by the requested relief").

### A. This Court may consider Plaintiff's criminal case in ruling on Defendants' motion to dismiss.

Plaintiff's criminal court proceedings are relevant to assessing the Court's jurisdiction, and the Court may take judicial notice of those proceedings. *See Opoka*, 94 F.3d at 394; *Henson*, 29 F.3d at 284. Moreover, because Defendants are launching a factual attack against jurisdiction, this Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (quoting *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008)). "[I]f the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Id.* (citation omitted).

Plaintiff was arrested on August 7, 2019, and sentenced on May 9, 2023. (Ex. C, Information Indictment; Ex. D, Order of Commitment and Sentence.) The total number of days from August 7, 2019, to May 9, 2023, is 1,371 days, and Plaintiff received credit for all 1,371 days for "time actually served in custody." (Ex. D, Order of Commitment and Sentence.)

### B. This Court lacks jurisdiction because Plaintiff cannot recover any damages in this case because he received credit for all his time in custody.

The Seventh Circuit's decision in *Ewell v. Toney*, 853 F.3d 911 (7th Cir. 2017), bars Plaintiff's claims in this case. Just as in the present case, the plaintiff in *Ewell* filed a complaint under Section 1983 alleging that she was unlawfully detained without probable cause. *Id.* at 915.

After the plaintiff filed the complaint, she was sentenced by a state court and received credit for the time she spent in custody. *Id.* at 917. The Seventh Circuit pointed out that the plaintiff's sentence and credit for time spent in custody was an "obstacle" to plaintiff's claim for unlawful pretrial detention. *Id.* "The problem [the plaintiff] face[d] is this: a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Id.*

After the Seventh Circuit reviewed the plaintiff's complaint and the state criminal proceedings, which it took judicial notice of, the Seventh Circuit concluded that the plaintiff was "not entitled to seek damages related to her detention and therefore to this extent has no injury that a favorable decision by a federal court may redress." *Id.* "Without a redressable injury, [the plaintiff] lack[ed] Article III standing to press [her] claim." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62 (1992)).

In the present case, the time Plaintiff spent in custody was credited to a valid and lawful sentence, just as the plaintiff in *Ewell*. (Ex. D, Order of Commitment and Sentence.) Plaintiff received credit for all 1,371 days in custody, from arrest to sentencing, including the time Plaintiff alleges he was unlawfully detained from March 3, 2023, to March 22, 2023. (Pl.'s Compl. ¶ 15; Ex. C, Information Indictment; Ex. D, Order of Commitment and Sentence.) As such, Plaintiff may not receive damages for his alleged unlawful detention, and therefore, he has "no injury that a favorable decision by a federal court may redress." *Ewell*, 853 F.3d at 917. Without a redressable injury, Plaintiff lacks Article III standing to press his claim, *see id.*, and accordingly, this case must be dismissed for lack of jurisdiction.

II. **Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**

Plaintiff fails to state a claim because Plaintiff's allegations and the proceedings in Plaintiff's criminal case, which this Court may take judicial notice of, both show that Plaintiff's complaint lacks facial plausibility. Taking Plaintiff back into custody for violating the conditions of bail was reasonable under the Fourth Amendment. Even under Plaintiff's theory of the case—that probable cause that Plaintiff committed an offense was necessary—Plaintiff's complaint still falls short because violating the conditions of electronic monitoring is an offense. Finally, Plaintiff's threadbare recitals of the elements of a *Monell* claim are insufficient to withstand a motion to dismiss.

A. **Plaintiff fails to state a claim because bringing him before the state court for violating the conditions of bail is reasonable under the Fourth Amendment.**

The "touchstone of the Fourth Amendment is reasonableness." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996) (quoting *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)). "Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances." *Id.* In applying this test the Supreme Court has "consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry." *Id.*

Plaintiff brings his complaint under the mistaken assumption that a bright-line rule exists for determining reasonableness under the Fourth Amendment. Plaintiff's claim rests on the allegation that he was brought back to the Cook County Jail for violating the conditions of electronic monitoring "without a warrant or other court order, and without probable cause to believe that the arrestee has committed an offense." (Pl.'s Compl. ¶ 18.) No such bright-line rule exists under the Fourth Amendment. *See Ohio*, 519 U.S. at 39. It is simply incorrect that in all cases an officer must have "a warrant or other court order" or "probable cause to believe that the

8

arrestee has committed an offense" before taking a detainee back into custody for violating the conditions of his pretrial release.

Courts have long recognized "exceptions to the warrant requirement." *United States v. Slone*, 636 F.3d 845, 848 (7th Cir. 2011). Probable cause that a person has committed an offense is one such exception, but it is not the only exception. *See id.* Plaintiff is thus incorrect to believe that a constitutional violation occurred solely because of the absence of a warrant or court order or probable cause that he had committed an offense. Without taking into account other exceptions, Plaintiff's claim lacks facial plausibility. Plaintiff's allegations do not allow the Court to draw any inference that Defendants are liable for taking Plaintiff back into custody and brought before a judge after violating the conditions of electronic monitoring. *See Adams*, 742 F.3d at 728 (stating that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In a case involving processing bail admissions, the Seventh Circuit made clear that the "Fourth Amendment does not require any particular administrative arrangement for processing bail admissions." *Williams v. Dart*, 967 F.3d 625, 636 (7th Cir. 2020). Rather, what the Fourth Amendment requires is that "*whatever arrangement is adopted* not result in seizures that are unreasonable in light of the Fourth Amendment's history and purposes." *Id.* (emphasis added).

In *Williams*, the Seventh Circuit examined the custodial relationship between a surety and the person bailed that existed at common law. *Id.* at 635–36. "The bail have their principal on a string, and may pull the string whenever they please, and render him in their discharge." *Id.* at 636 (quoting *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 371–72, 21 L. Ed. 287 (1872)). "Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done." *Id.* (quoting *Taylor*, 83 U.S. at 371).

"[T]he parties that take him to bail are in law his keepers, and *may re-seize him to bring him in*." *Id.* (emphasis added) (quoting 2 Matthew Hale, *Pleas of the Crown* 124 (1736)).

Consistent with this common law, the Seventh Circuit granted the premise that "the Sheriff was thus free to pull the string whenever he pleased." *Id.* After reseizing a person on bail, the Sheriff is required "to deliver plaintiffs at once or to detain them very briefly until it could be done—to return them to court after a brief time needed for administrative purposes, as we would say today." *Id.*

That is exactly what occurred in Plaintiff's case. Plaintiff was taken back into custody for violating the conditions of electronic monitoring and brought before the state court to answer for those violations. (Ex. A, Petition for VOBB; Ex. B, Order on VOBB.) This is reasonable under the Fourth Amendment. *See id.*; *see also Thomas v. City of Peoria*, 580 F.3d 633, 637–38 (7th Cir. 2009) (stating that "the Fourth Amendment does not forbid an arrest for a 'nonjailable' offense"). For these reasons, Plaintiff's complaint lacks facial plausibility and must be dismissed.

   **B.**  **Even under Plaintiff's theory of the case, he fails to state a claim because he committed an offense when he violated the conditions of electronic monitoring.**

Plaintiff alleges that his constitutional rights were violated because he was "arrested solely for asserted deviations from the conditions of electronic monitoring, without a warrant or other court order, and without probable cause to believe that the arrestee has committed an offense." (Pl.'s Compl. ¶ 18.) However, the state court sustained the State's petition for violation of bail bond and found that Plaintiff had violated the conditions of electronic monitoring. (Ex. A, Petition for VOBB; Ex. B, Order on VOBB.) Under the state statutes in force on March 3, 2023, the date when Plaintiff alleges he was taken back into custody, a person charged with a felony who violates the conditions of electronic monitoring is guilty of a Class 3 felony. *See* 730 ILCS 5/5-8A-4.15(a)

(version of statute in force prior to the amendments established by the Pretrial Fairness Act, which the Illinois Supreme Court has stayed as discussed below).

An individual may be "charged with escape pursuant to section 5-8A-4.1(a) of the Electronic Monitoring Law (*id.* § 5-8A-4.1(a)), which provides, in pertinent part:

> § 5-8A-4.1. Escape; failure to comply with a condition of the electronic monitoring or home detention program.
>
> (a) A person charged with or convicted of a felony . . . conditionally released from the supervising authority through an electronic monitoring or home detention program, who knowingly violates a condition of the electronic monitoring or home detention program . . . is guilty of a Class 3 felony.

*People v. Duffie*, 2022 IL App (2d) 210281, ¶ 12.

Plaintiff alleges that he was "charged with felony offenses in the Circuit Court of Cook County." (Pl.'s Compl. ¶ 6.) The state court sustained the petition for violation of bail bond based on Plaintiff's failure to comply with the conditions of electronic monitoring. (Ex. A, Petition for VOBB; Ex. B, Order on VOBB.) Thus, Plaintiff was a "person charged with or convicted of a felony" who violated a "condition of the electronic monitoring" program. *See* 730 ILCS 5/5-8A-4.15(a). In other words, the Sheriff's employees had probable cause that Plaintiff committed the offense of escape based on Plaintiff's violation of the conditions of electronic monitoring. As such, Plaintiff's complaint lacks facial plausibility, and his complaint should be dismissed.

On a final note, Plaintiff may argue that 730 ILCS 5/5-8A-4.15(a) was amended by the Pretrial Fairness Act, and he may argue that a different version of the statute applied to Plaintiff on March 3, 2023. These arguments would fail, however. On December 31, 2022, the Illinois Supreme Court stayed "the effective date of the Pretrial Fairness Act (Public Act 101-652 and Public Act 102-1104)" in order to "maintain consistent pretrial procedures throughout Illinois." (Ex. E, Illinois Sup. Ct. Order.) Thus, the amendments to the electronic monitoring statutes set

forth by the Pretrial Fairness Act were not in effect on March 3, 2023, and therefore, they are inapplicable to Plaintiff's case.

### C. Plaintiff fails to allege sufficient facts to adequately plead a *Monell* claim.

Plaintiff's *Monell* claim must be dismissed because he fails to plead sufficient facts to hold the Sheriff's Office liable under § 1983. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Rather, it is only when execution of a municipality's policy or custom inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Accordingly, to state a *Monell* claim, Plaintiff must plead sufficient facts to plausibly allege that his constitutional injury was caused by: (1) an express policy, (2) a widespread practice or custom, or (3) action by one with final policymaking authority. *Stockton v. Milwaukee County*, 44 F.4th 605, 617 (7th Cir. 2022). Plaintiff must also plead that the policy or custom was the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694–95.

"A court should carefully consider *Monell* allegations to ensure a plaintiff is not 'provid[ing] merely boilerplate *Monell* allegations in order to proceed to discovery in the hope of turning up evidence to support his accusation.'" *Montgomery v. Village of Phoenix*, No. 21 C 6040, 2022 U.S. Dist. LEXIS 113920, at *7 (N.D. Ill. June 28, 2022) (citation omitted). Where a plaintiff's "allegations are general and unsupported by the facts," "these allegations—without more information connecting the complaints to the alleged constitutional violation at issue here— are insufficient to support [a plaintiff's] *Monell* claim." *Page v. City of Chicago*, No. 19-cv-07431, 2021 U.S. Dist. LEXIS 20563, at *7–8 (N.D. Ill. Feb. 3, 2021).

Here, Plaintiff's *Monell* allegations consist solely of two conclusory paragraphs. Plaintiff alleges that the Sheriff's Office employees "acted pursuant to an express policy and/or in

12

accordance with a widespread practice of defendant Sheriff of Cook County" and that this "policy or widespread practice" deprived Plaintiff of his constitutional rights. (Pl.'s Compl. ¶¶ 13–14.) However, this is nothing more than reciting the elements of a *Monell* claim.

"In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, [courts] accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations *merely reciting the elements of the claim* are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (emphasis added) (affirming dismissal of *Monell* claim where "alleged 'facts' [were] actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss").

Because Plaintiff merely recites the elements of a *Monell* claim and provides absolutely no factual content that would allow the Court to draw an inference that the Sheriff's Office is liable pursuant to *Monell*, Plaintiff's complaint must be dismissed. *See Adams*, 742 F.3d at 728 (stating that to survive a motion to dismiss, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Turner v. City of Chicago*, No. 1:19-cv-00272, 2020 U.S. Dist. LEXIS 56614, at *8 (N.D. Ill. Mar. 31, 2020) (dismissing *Monell* claim where all the plaintiff provided was "a threadbare recitation" of a claim under *Monell*, "which is exactly the type of assertion that *Iqbal* forbids").

### III. Plaintiff's Indemnification Allegation Against Defendant Cook County and Plaintiff's Class Allegations Should Be Dismissed Because Plaintiff Fails to State a Claim in His Individual Capacity.

For the sake of completeness, Plaintiff's complaint should be dismissed in full, including Plaintiff's indemnification allegation against Defendant Cook County and Plaintiff's class allegations. Without an underlying individual claim, these allegations necessarily fail, as well.

## CONCLUSION

For these reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiff's complaint with prejudice and for any other relief this Court deems appropriate.

                                      Respectfully Submitted,

                                      KIMBERLY M. FOXX
                                      State's Attorney of Cook County

Dated: June 1, 2023                         /s/ *Samuel D. Branum*
                                        Special Assistant State's Attorney


Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, IL 60603
(312) 372-0770

14