IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Vondell Wilbourn, individually and for others similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> Sheriff of Cook County and Cook County, Illinois, <br><br> Defendants. | No. 23-cv-1782 <br><br> (Judge Shah) |

**AMENDED COMPLAINT**

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Vondell Wilbourn is a resident of the Northern District of Illinois.

3. Plaintiff brings this case individually and for others similarly situated, as described in greater detail below.

4. Defendant Sheriff of Cook County is sued in his official capacity for the denial of rights secured by the Fourth and Fourteenth Amendments caused by an explicit policies. .

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. In 2019, plaintiff was charged with felony offenses in the Circuit Court of Cook County.

7. Bond was set at plaintiff's initial appearance at $10,000 cash deposit, subject to electronic monitoring.

8. Plaintiff posted bond on September 27, 2019 and was released from the Cook County Jail, subject to the rules of the electronic monitoring program.

9. After leaving the Jail, plaintiff returned to living with his wife and their young children.

10. While on bail, and as authorized by the judge presiding over the criminal case, plaintiff transported his two school age children to and from school.

11. On Friday, February 25, 2023, an employee or employees of defendant Sheriff of Cook County determined that on four occasions between January 31, 2023 and February 23, 2023, plaintiff did not return home by the route he had followed while driving his children to school.

12. Plaintiff did not violate any Illinois statute when he allegedly failed to return home by the same route he had followed while driving his children to school.

13. Plaintiff did not violate any of the Rules and Regulations of the Electronic Monitoring program when he allegedly failed to return home by the same route he had followed while driving his children to school.

14. At some time before March 22, 2021, the Sheriff adopted an express policy requiring his employees to arrest, without an order from a judicial officer, any pre-trial detainee who had been released on electronic monitoring based on a determination by an employee of the Sheriff that the pre-trial detainee had violated a condition of electronic monitoring.

15. The policy described in paragraph 14 violates the Due Process Clause of the Fourteenth Amendment because it does not provide notice or hearing before the deprivation of the conditional liberty of release on bail.

16. The policy described in paragraph 14 subjects persons arrested for alleged violations of electronic monitoring to an unreasonable seizure contrary to rights secured by the Fourth Amendment.

17. At all times relevant, the Sheriff has authorized his employees to enter without a warrant the residence of the persons described in paragraph 14 to make an arrest for a violation of the electronic monitoring rules. This policy violates the Fourth Amendment's protection against intrusions into the home.

18. In adopting these policies, the Sheriff acted in deliberate indifference to clearly established constitutional rights.

19. On Friday, March 3, 2023, officers from the Sheriff's Electronic Monitoring "EM" unit traveled to plaintiff's home and, without a warrant or a court order of any sort, entered the dwelling, handcuffed plaintiff in front of his minor children, and brought plaintiff to the Cook County Jail.

20. The next court day after the warrantless arrest was Tuesday, March 7, 2023. Plaintiff and counsel appeared via Zoom.

21. At the hearing on March 7, 2023, the prosecutor made the following proffer:

> There were four incidents on the report that were violations of the EM program. On January 31, the defendant deviated in his essential movement from 7:45 to 7:54. On 2-8, he deviated from 7:42 a.m. to 8:04 a.m. On February 15, he deviated from 7:52 to 8:06 a.m. On February 23, he was traced traveling outside of his placement from 7:32 a.m. to 8:00 a.m., Judge.

22. Without receiving any further evidence, the trial judge made the following ruling:

> THE COURT: State granted leave to file petition for violation of bail bond. He will be held no bail right now.

23. The "halfsheet" of the proceedings of March 7, 2023 mistakenly recites that the trial judge that day granted a petition to violate bail bond. Under Illinois law, the transcript controls over the "halfsheet."

24. Plaintiff remained at the Cook County Jail for 19 days until March 21, 2023, when the Illinois Appellate Court reversed the trial court's order and reinstated plaintiff's original bond.

25. While confined at the Cook County Jail in March of 2023, plaintiff was deprived of daily contact with his spouse and children, required to live with dangerous persons, and subjected to much harsher conditions of confinement than he had been subjected to while on bail.

26. After plaintiff had served 1,371 days of pretrial custody (which includes the time he spent on electronic monitoring), he accepted the prosecution's proposal to reduce the charges and recommend a two-year sentence in exchange for a plea of guilty. The trial judge imposed the two-year sentence on May 9, 2023.

27. At all times within the two years immediately preceding the filing of this action, more than 1,500 persons charged with felony offenses in Cook County, Illinois have been on bail subject to electronic monitoring.

28. Plaintiff believes that discovery will reveal that, within the two years immediately preceding the filing of this lawsuit, employees of defendant Sheriff have applied the express policies described above to deprive more than 40 individuals of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. Plaintiff brings this action individually and for those similarly situated who, within the two years preceding the filing of this action, have been arrested by employees of the Sheriff's "EM" unit solely for claimed deviations from the conditions of electronic monitoring and without a warrant or other court order. A subclass might be appropriate for plaintiff's claim about the warrantless home entries authorized by the Sheriff.

30. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that the Court enter judgment in favor of plaintiff and those similarly situated for appropriate compensatory damages and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiffs*