IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VONDELL WILBOURN, individually and for others similarly situated, <br><br> *Plaintiff,* <br><br> -*vs*- <br><br> SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, <br><br> *Defendants.* | Case No. 23-cv-1782 <br><br> Honorable Manish S. Shah <br> Magistrate Judge Young B. Kim |

**DEFENDANT SHERIFF OF COOK COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, SHERIFF OF COOK COUNTY, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., answers Plaintiff's amended complaint as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

**ANSWER:** Defendant admits that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and that the Court has jurisdiction pursuant to 28 U.S.C. § 1343, but Defendant denies it engaged in any misconduct.

2. Vondell Wilbourn is a resident of the Northern District of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Plaintiff brings this case individually and for others similarly situated, as described in greater detail below.

1

**ANSWER:** Defendant admits Plaintiff has brought this action individually and for others similarly situated, but Defendant denies this case may be certified as a class action.

4. Defendant Sheriff of Cook County is sued in his official capacity for the denial of rights secured by the Fourth and Fourteenth Amendments caused by an explicit policies [*sic*].

**ANSWER:** On March 1, 2024, the Court dismissed Plaintiff's Fourteenth Amendment claim. (Order, ECF No. 26.) Defendant admits Plaintiff sues Defendant Sheriff of Cook County in his official capacity, but Defendant denies Plaintiff's Fourth Amendment rights were violated or that Plaintiff's Fourth Amendment rights were violated by an explicit policy.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

**ANSWER:** Defendant admits Plaintiff joins Cook County in this action pursuant to *Carver*.

6. In 2019, plaintiff was charged with felony offenses in the Circuit Court of Cook County.

**ANSWER:** Admitted.

7. Bond was set at plaintiff's initial appearance at $10,000 cash deposit, subject to electronic monitoring.

**ANSWER:** Defendant admits that bond was set at Plaintiff's initial appearance and that electronic monitoring was a court-ordered condition of bond. Plaintiff's bond was $100,000 with a deposit amount of $10,000. Defendant denies all other claims in paragraph 7.

8. Plaintiff posted bond on September 27, 2019 and was released from the Cook County Jail, subject to the rules of the electronic monitoring program.

**ANSWER:** Defendant admits that Plaintiff was released from the Cook County Department of Corrections, subject to the rules of the electronic monitoring program. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

9. After leaving the Jail, plaintiff returned to living with his wife and their young children.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. While on bail, and as authorized by the judge presiding over the criminal case, plaintiff transported his two school age children to and from school.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. On Friday, February 25, 2023, an employee or employees of defendant Sheriff of Cook County determined that on four occasions between January 31, 2023 and February 23, 2023, plaintiff did not return home by the route he had followed while driving his children to school.

**ANSWER:** Defendant denies Plaintiff's characterization of the Sheriff's Office's determination. Defendant admits only that on or about February 24, 2023, an employee or employees of the Cook County Sheriff's Office determined that Plaintiff violated the rules and regulations of the electronic monitoring program by deviating in his essential movement on four occasions between January 21, 2023, and February 23, 2023. Defendant denies all other claims in paragraph 11.

12. Plaintiff did not violate any Illinois statute when he allegedly failed to return home by the same route he had followed while driving his children to school.

**ANSWER:** Denied.

13. Plaintiff did not violate any of the Rules and Regulations of the Electronic Monitoring program when he allegedly failed to return home by the same route he had followed while driving his children to school.

**ANSWER:** Denied.

14. At some time before March 22, 2021, the Sheriff adopted an express policy requiring his employees to arrest, without an order from a judicial officer, any pre-trial detainee who had been released on electronic monitoring based on a determination by an employee of the Sheriff that the pre-trial detainee had violated a condition of electronic monitoring.

**ANSWER:** Denied.

15. The policy described in paragraph 14 violates the Due Process Clause of the Fourteenth Amendment because it does not provide notice or hearing before the deprivation of the conditional liberty of release on bail.

**ANSWER:** On March 1, 2024, the Court dismissed Plaintiff's Fourteenth Amendment claim. (Order, ECF No. 26.) Defendant denies the allegations in this paragraph.

16. The policy described in paragraph 14 subjects persons arrested for alleged violations of electronic monitoring to an unreasonable seizure contrary to rights secured by the Fourth Amendment.

**ANSWER:** Denied.

17. At all times relevant, the Sheriff has authorized his employees to enter without a warrant the residence of the persons described in paragraph 14 to make an arrest for a violation

4

of the electronic monitoring rules. This policy violates the Fourth Amendment's protection against intrusions into the home.

**ANSWER:** Denied.

18. In adopting these policies, the Sheriff acted in deliberate indifference to clearly established constitutional rights.

**ANSWER:** Denied.

19. On Friday, March 3, 2023, officers from the Sheriff's Electronic Monitoring "EM" unit traveled to plaintiff's home and, without a warrant or a court order of any sort, entered the dwelling, handcuffed plaintiff in front of his minor children, and brought plaintiff to the Cook County Jail.

**ANSWER:** Defendant admits that on March 3, 2023, Plaintiff was returned to the Cook County Department of Corrections for violating the terms of the Sheriff's electronic monitoring program, which Plaintiff was court ordered to comply with as a condition of release on bond. Defendant denies the remaining allegations contained in this paragraph.

20. The next court day after the warrantless arrest was Tuesday, March 7, 2023. Plaintiff and counsel appeared via Zoom.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. At the hearing on March 7, 2023, the prosecutor made the following proffer: There were four incidents on the report that were violations of the EM program. On January 31, the defendant deviated in his essential movement from 7:45 to 7:54. On 2-8, he deviated from 7:42 a.m. to 8:04 a.m. On February 15, he deviated from 7:52 to 8:06 a.m. On February 23, he was traced traveling outside of his placement from 7:32 a.m. to 8:00 a.m., Judge.

**ANSWER:** Admitted.

22. Without receiving any further evidence, the trial judge made the following ruling: THE COURT: State granted leave to file petition for violation of bail bond. He will be held no bail right now.

**ANSWER:** Defendant admits the court granted the State leave to file petition for violation of bail bond and ordered that Plaintiff be held no bail. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

23. The "halfsheet" of the proceedings of March 7, 2023 mistakenly recites that the trial judge that day granted a petition to violate bail bond. Under Illinois law, the transcript controls over the "halfsheet."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The second sentence in this paragraph calls for a legal conclusion to which no answer is necessary; should any answer be required, Defendant denies same and demands strict proof thereof.

24. Plaintiff remained at the Cook County Jail for 19 days until March 21, 2023, when the Illinois Appellate Court reversed the trial court's order and reinstated plaintiff's original bond.

**ANSWER:** Defendant admits the Illinois Appellate Court reinstated Plaintiff's original bond, including the original bond condition of an electronic monitoring requirement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

25. While confined at the Cook County Jail in March of 2023, plaintiff was deprived of daily contact with his spouse and children, required to live with dangerous persons, and subjected to much harsher conditions of confinement than he had been subjected to while on bail.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. After plaintiff had served 1,371 days of pretrial custody (which includes the time he spent on electronic monitoring), he accepted the prosecution's proposal to reduce the charges and recommend a two-year sentence in exchange for a plea of guilty. The trial judge imposed the two-year sentence on May 9, 2023.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. At all times within the two years immediately preceding the filing of this action, more than 1,500 persons charged with felony offenses in Cook County, Illinois have been on bail subject to electronic monitoring.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Plaintiff believes that discovery will reveal that, within the two years immediately preceding the filing of this lawsuit, employees of defendant Sheriff have applied the express policies described above to deprive more than 40 individuals of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** On March 1, 2024, the Court dismissed Plaintiff's Fourteenth Amendment claim. (Order, ECF No. 26.) Defendant denies it deprived individuals of rights secured by the

7

Fourth and Fourteenth Amendments. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. Plaintiff brings this action individually and for those similarly situated who, within the two years preceding the filing of this action, have been arrested by employees of the Sheriff's "EM" unit solely for claimed deviations from the conditions of electronic monitoring and without a warrant or other court order. A subclass might be appropriate for plaintiff's claim about the warrantless home entries authorized by the Sheriff.

**ANSWER:** Defendant admits Plaintiff has brought this action individually and for those similarly situated, but Defendant denies this case may be certified as a class action.

30. Plaintiff hereby demands trial by jury.

**ANSWER:** Defendant admits Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's amended complaint, Defendant alleges the following separate affirmative defenses against Plaintiff:

### I. Exhaustion of Administrative Remedies

1. Discovery may reveal that on the date Plaintiff filed his complaint or amended complaint, he was a "prisoner," as that term is defined in the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(h) ("[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("[A] plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit.").

2. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under . . . 42 U.S.C. 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

3. To the extent Plaintiff was a prisoner on the date he filed his complaint or amended complaint and failed to properly exhaust his administrative remedies, his claims are barred by the PLRA.

## II. Mental or Emotional Injury

4. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).

5. Plaintiff did not suffer any physical injury as required by Section 1997e(e). *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006).

6. To the extent Plaintiff was a prisoner on the date he filed his complaint or amended complaint and seeks damages for mental or emotional injury, his claim is barred because he cannot show physical injury as required by Section 1997e(e) of the PLRA.

## III. Immunity from Punitive Damages

7. Local governments are immune from punitive damages liability under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

8. Therefore, to the extent Plaintiff seeks punitive damages from Defendant, Defendant asserts immunity from the same.

### IV. Failure to Mitigate

9. To the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, No. 07 C 3372, 2009 WL 528307, at *8 (N.D. Ill. Feb. 25, 2009).

10. Without waiving its denials to Plaintiff's allegations and to the extent Plaintiff may pursue damages but has failed to mitigate those damages, any award of damages must be reduced or eliminated for his failure to mitigate.

### V. Statute of Limitations

11. To the extent Plaintiff seeks damages from Defendant for injuries occurring more than two years before filing his complaint or amended complaint, Plaintiff's claims are barred by the statute of limitations. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.").

### VI. Plaintiff's Willful and Wanton Conduct

12. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case.

### VII. Additional Affirmative Defenses

13. Defendant reserves the right to assert additional affirmative defenses as they become known through the course of litigation.

**JURY DEMAND**

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, based on the foregoing, Defendant, SHERIFF OF COOK COUNTY, denies that Plaintiff is entitled to any damages, injunctive relief, costs, attorney's fees, witness fees, or other relief. Defendant prays this Honorable Court grant judgment in its favor and against Plaintiff on all aspects of his amended complaint and further requests this Honorable Court grant judgment of Defendant's fees, costs, and such other relief this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: March 15, 2024

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770