UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VONDELL WILBOURN,

        Plaintiff,

        v.

SHERIFF OF COOK COUNTY and COOK
COUNTY,

        Defendants.

No. 23 CV 1782

Judge Manish S. Shah

### MEMORANDUM OPINION AND ORDER

Plaintiff Vondell Wilbourn sued defendants Sheriff of Cook County and Cook County for violations of the due process clause of the Fourteenth Amendment and of the Fourth Amendment's prohibition on unreasonable searches and seizures. I dismissed his due process claim. Later, I denied class certification for his Fourth Amendment claim. He now moves to reconsider my class certification decision. For the reasons discussed below, the motion is denied.

## I.    Legal Standards

Under Federal Rule of Civil Procedure 54(b), a decision "that adjudicates fewer than all the claims … does not end the action as to any of the claims … and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." District courts have broad, inherent authority to revise interlocutory orders before final judgment is entered. See *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *see also Galvan*

*v. Norberg*, 678 F.3d 581, 587 & n.3 (7th Cir. 2012) (district courts have "sweeping authority" under Rule 54(b) to revise interlocutory orders). Even so, "[m]otions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A Rule 54(b) motion is "not to be used to rehash previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

## II.    Facts

Vondell Wilbourn was a participant in Cook County's pretrial release electronic monitoring program while he had a case pending in Cook County Circuit Court. [57-6] at 5 (173:12–15); [19] ¶¶ 6–8.[1] Wilbourn lived with his wife and children and was authorized to transport his children to and from school. [19] ¶¶ 9–10.

On March 3, 2023, officers from the Sheriff's electronic monitoring unit came to Wilbourn's house, arrested him, and took him to Cook County jail. [57-6] at 5–6 (173:16–174:1); [19] ¶ 19. When Wilbourn appeared in court on March 7, prosecutors proffered that he had "deviated in his essential movement" on four occasions between January 31 and February 23, 2023. [19] ¶¶ 20–21. The judge granted the prosecutors leave to file a petition for violation of bail bond and ordered Wilbourn held without bail. [57-6] at 97 (265:4–14); [19] ¶ 22. Nineteen days later, Wilbourn's original bond was reinstated by the Illinois Appellate Court. [57-6] at 96–97 (264:20–265:3); [19] ¶ 24. Wilbourn eventually pled guilty to some charges and was sentenced to two years

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings. In the case of citations to depositions, I also use the deposition transcript's original page numbers.

in the Illinois Department of Corrections, with credit for 1,371 days served in custody (which included time spent on electronic monitoring and in jail). [19] ¶ 26; [20-4].

## III. Analysis

Wilbourn titles his motion "motion to reconsider class certification order." But Wilbourn says that "Plaintiff's Fourth Amendment claim, which the Court found unsuitable for class treatment, … *is not at issue in this motion to reconsider*." [79] at 2 (emphasis added). Instead, Wilbourn asks me to reconsider my decision dismissing his Fourteenth Amendment procedural due process claim, and then separately seeks class certification for a class under that claim. Defendants say that any new motion for class certification is untimely and not due to excusable neglect. They also argue that the motion is untimely and prejudicial, particularly since discovery has already closed. Finally, they argue that plaintiff's motion should be denied on the merits.

### A. Timeliness

A district judge "may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). Wilbourn is not asking me to reconsider my class certification decision. Instead, he asks me to reconsider my decision on defendants' motion to dismiss and then grant a *new* motion for class certification upon reinstatement of the dismissed count. I may reconsider the decision to dismiss the due process claim at any time. On the other hand, the time for filing a motion for class certification expired on May 22, 2025.

I may, for good cause, extend the time for Wilbourn to file a motion for class certification "on motion made after the time has expired if the party failed to act

3

because of excusable neglect." Fed. R. Civ. P. 6(b)(1). In determining whether to excuse a missed deadline, I consider "all relevant circumstances," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Miller v. Chi. Transit Authority*, 20 F.4th 1148, 1153 (7th Cir. 2021).

Here, Wilbourn does not move for an extension. Even if he did, the deadline for filing class certification motions was May 22, 2025. [56]. I dismissed Wilbourn's due process claim over a year before that, on March 26, 2024. [26]. Wilbourn's motion for reconsideration was filed on January 12, 2026—nearly eight months after the deadline for class certification and almost two years after his claims were dismissed. Discovery has been closed since April 30, 2025. Wilbourn has proffered no reason for the delay, and at this stage of the proceedings, there is no good cause or excusable neglect to extend the time for Wilbourn to file a class certification motion. I decline to extend the time for Wilbourn to file a new motion for class certification.

### B.    Merits

Even if I granted an extension, Wilbourn's motion would still be denied. Wilbourn says that under *Soldal v. Cook County*, 506 U.S. 56, 70 (1992), certain wrongs can implicate multiple constitutional amendments, and so he can bring both his Fourth Amendment and Fourteenth Amendment claims. But although *Soldal* does say that a plaintiff may be able to bring claims under more than one constitutional amendment, the more recent decision in *Manuel v. City of Joliet*, 580 U.S. 357 (2017) "makes clear that the Fourth Amendment, not the Due Process

4

Clause, governs a claim for wrongful pretrial detention." *Lewis v. City of Chicago*, 914 F.3d 472, 475 (7th Cir. 2019).

This is true for all 42 U.S.C. § 1983 unlawful pretrial detention claims, "whether before or after the initiation of formal legal process." *Id.* at 479. Since deciding *Lewis*, the Court of Appeals for the Seventh Circuit has repeatedly held that Section 1983 actions challenging the constitutionality of pretrial detention arise under the Fourth Amendment, not the Fourteenth. *See Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019) (the complaint "cited both the Fourth and Fourteenth Amendments, but properly construed, the malicious-prosecution claim is really one for wrongful arrest and detention in violation of the Fourth Amendment"); *Mitchell v. City of Elgin*, 912 F.3d 1012, 1014–15 (7th Cir. 2019) (similar); *Kuri v. City of Chicago*, 990 F.3d 573, 575 (7th Cir. 2021) ("If the detention is not supported by probable cause, however, the Fourth Amendment provides a remedy."); *Young v. City of Chicago*, 987 F.3d 641, 645 (7th Cir. 2021) (quoting *Lewis*, 914 F.3d at 475) ("[T]he Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention."). "It's now clear that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment." *Lewis*, 914 F.3d at 478 (emphasis in original).

Wilbourn claims there is a difference between substantive and procedural due process claims, and that Soldal's "exception" that substantive due process claims cannot be brought alongside a claim for an enumerated right does not apply here, where he brings a procedural due process claim. But the Seventh Circuit has not

5

distinguished between the two. Rather, the cases' language is broad, encompassing the due process clause as a whole. I am bound by these cases, which consistently hold that the Fourth Amendment, and not the due process clause, governs wrongful pretrial detention claims.

Wilbourn also argues that in dismissing his due process claim, I "appeared to hold that the constitution provides a pre-trial detainee with less rights than it affords to convicted prisoners." [74] at 4. But that different constitutional provisions apply at different stages of a person's interaction with the state does not mean some rights are lesser than others. There are different ways to vindicate a plaintiffs' rights—pretrial claims arise under the Fourth Amendment, and post-conviction claims arise under the Fourteenth Amendment. *See Zambrano v. City of Joliet*, 141 F.4th 828, 830 (7th Cir. 2025) ("A claim for a false arrest or pretrial detention based on fabricated evidence implicates the Fourth Amendment protection against seizures without probable cause, whereas a claim that fabricated evidence was later used at trial to obtain a conviction violates a defendant's rights under the Due Process Clause of the Fifth and Fourteenth Amendments."); *Lewis*, 914 F.3d at 479–80. Indeed, the substantive reasonableness of a Fourth Amendment seizure could in some contexts be more flexible and favorable to a litigant than checklist procedural rights.

It was not manifestly erroneous to dismiss Wilbourn's due process claim. Because there is no viable due process claim, I deny the motion to certify a due process class.

6

## IV.    Conclusion

Plaintiff's motion for reconsideration, [74], is denied. The parties shall file a joint status report by August 13, 2026, proposing a schedule for dispositive motions or any other remaining pretrial matters.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: July 30, 2026